CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| William Gearld Skaggs, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00706 |
| Southwest Regional Abingdon Jail *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff William Gearld Skaggs, a pretrial detainee proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.  Skaggs complains about the treatment they have received in prison due to their gender dysphoria.  (Dkts. 1, 8.)  Skaggs's original complaint alleges that staff refuse to use a female name to address them.  (Dkt. 1.)  The amended complaint focuses on Skaggs's objection to being strip-searched by male staff.  (Dkt. 8.)  Skaggs submitted the financial documentation and consent to collection of fees form required to support their application to proceed *in forma pauperis*.  (*See* Dkts. 2, 4, 6.)

While the court finds that Skaggs qualifies to proceed without prepayment of fees or costs, it also finds that the amended complaint in this action fails to state a viable claim upon which relief could be granted.  Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I.  Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II. Analysis

Skaggs's amended complaint fails to state a claim upon which relief can be granted. Skaggs filed an original complaint that named Southwest Regional Abingdon Jail and Major Kilgore as Defendants. (Dkt. 1.) By Order dated October 29, 2025, the court advised Skaggs that a jail was not a viable defendant for a claim pursuant to 42 U.S.C. § 1983. (Dkt. 7 at 1–2.) The court also advised Skaggs that they needed to identify the specific actions or inactions of Major Kilgore that are contended to give rise to liability. (*Id.* at 2.) Finally, the court told Skaggs that an identification of which constitutional provision or federal law was at issue was required. (Dkt. 7 at 2.) The court granted Skaggs an opportunity to file an amended complaint to correct these deficiencies. (*Id.*)

Skaggs submitted an amended complaint in response to the court's Order. (Dkt. 8.) But the amended complaint does not cure the deficiencies. The amended complaint now names only Defendant Kilgore but it still does not specify any of Kilgore's particular actions or inactions in its factual section that would indicate a plausible claim of entitlement to relief against him. Instead, the amended complaint recounts unnamed male staff members conducting Skaggs's strip searches and pat downs and being present during medical exams. (Dkt. 8 at 5.) This is not sufficient to support a viable § 1983 claim. Liability under § 1983 is personal, so a plaintiff must identify the specific person or persons who purportedly violated his or her rights. *See Brownlee v. Williams*, Civ. No. 2:07-0078, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007). Allegations that unspecified prison personnel violated rights do not adequately state a § 1983 claim, *see id.*, and dismissal of defendants named only in the caption of the case

is appropriate when the complaint fails to include any allegations specific to those defendants. *See Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

The only mention of Defendant Kilgore in the substantive section of the amended complaint is a reference in the grievance section to Skaggs writing to Kilgore about his complaints, but receiving no answer. (Dkt. 8 at 7.) An administrator's participation in the grievance process does not generally give rise to liability under § 1983. *Brown v. Va. Dep't of Corr.*, No. 6:07-cv-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal."). Kilgore is not alleged to have been involved in any of the events about which Skaggs complains—i.e., the strip searches, pat downs, and medical exams. Accordingly, the amended complaint fails to state a plausible claim of entitlement to relief against Defendant Kilgore under 42 U.S.C. § 1983.

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal). Skaggs may refile their claims as a separate action, but Skaggs should be as specific as possible about the events and actors if they elect to do so. Additionally, Skaggs should complete the administrative exhaustion process by filing a grievance and appealing any adverse decisions to the highest level prior to refiling an action.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Skaggs and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 24th day of November, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE